FILED
NOV 24 2004
TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **AARON JONES,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:04-0118** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

**PROCEDURAL HISTORY AND FACTS**

On February 13, 2004, Plaintiff, an inmate then incarcerated at FCI Beckley, in Beaver, West Virginia,[1] and acting *pro se*, filed his Letter/Complaint claiming entitlement to relief pursuant to Bivens v. Six Unknown Named Fed. Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[2] (Document No. 1.) Plaintiff states that on October 6, 2003, while incarcerated at FCI Beckley, he was assaulted by another prisoner. (Id.) Plaintiff attached to his Letter/Complaint, a copy of the Federal Bureau of Prisons' [BOP] response to his claim for administrative settlement under the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, a letter to Plaintiff from Ms. Monica Dillon for Ms. Debbie Stevens, Supervisory Attorney, for Mr. Bill Burlington, Regional Counsel. (Id., Exhibit A.) Ms. Dillon wrote that an

[1] The undersigned understands that Plaintiff has since been transferred to the Central Detention Facility 1901 D. Street, SE, Washington, DC 20032.

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

investigation into his claim revealed the following:

> [T]he unit officer called for assistance when he observed you being assaulted by another inmate. Responding staff secured your assailant and you were escorted to Health Services. You were examined and treated for a 1 inch laceration to the left side of your forehead. No other injuries were noted at the time of your medical assessment.
>
> Medical staff were interviewed regarding the scarring and stated the removal of any scarring would be considered cosmetic, elective surgery, and therefore not available pursuant to Program Statement 6000.5, Health Services Manual.
>
> As for your allegation that the officer failed to protect you, FCI Beckley staff were not aware of any risk to your safety, and as soon as the staff member became aware of the incident, he immediately called for assistance and staff responded.
>
> As there is no evidence that any act or omission of a government employee was a factor in your injury, your claim is denied.

(Id., p. 1.)

By Order entered on March 4, 2004, the Court, unable to determine whether Plaintiff intended to proceed pursuant to Bivens or under the FTCA, directed Plaintiff to advise the Court of the basis of his claims. (Document No. 4.) The Court advised Plaintiff that if he intended to proceed pursuant to Bivens, he must demonstrate that he exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a), and as specified in the BOP's Administrative Remedy Program set forth at 28 C.F.R. §§ 542.10-19. (Id.)

On March 22, 2004, in response to the Court's Order, Plaintiff filed a document labeled "Motion for Specification." (Document No. 7.) In his response, Plaintiff stated that "he is indeed claiming entitlement to relief, exclusively pursuant to Bivens." (Id.) Plaintiff mistakenly believed however that his FTCA claim for administrative settlement, which was denied by the BOP on January 29, 2004, constituted exhaustion of the claims he intended to raise pursuant to Bivens. (Id.,

p. 1-2.) The undersigned advised Plaintiff that the exhaustion process required before instituting an action pursuant to Bivens is quite different from that of a claim under the FTCA. (Id.) To exhaust a claim under the FTCA, a prisoner need only file an administrate tort claim with the BOP, which constitutes final administrative action. See 28 U.S.C. §§ 2401(b), 2675. From the record, it appeared that Plaintiff had fully exhausted his administrative remedies with respect to his claim only under the FTCA. The undersigned advised Plaintiff that if he intended to proceed pursuant to Bivens, he must demonstrate that he exhausted the grievance procedures set forth at 28 C.F.R. §§ 542.10-19. See e.g., Hylton v. Federal Bureau of Prisons, 2002 WL 720605, * 2-3 (E.D. N.Y. Mar. 11, 2002); Gaughan v. United States Bureau of Prisons, 2003 WL 1626674, * 2 (N.D. Ill. Mar. 25, 2003).

Plaintiff filed on May 4, 2004, an Amended Response, in which he stated that he "will proceed to pursue damages, pursuant to the Federal Tort Claims Act, codified in U.S.C. § 1346(b) and § 2671." (Document No. 10, p. 1.) Accordingly, the Court considers Plaintiff's claim under the FTCA.

On July 9, 2004, Defendant, by counsel, filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and Memorandum in Support. (Document Nos. 14-15.) Defendant contends that Plaintiff has failed to state a claim for relief under 28 U.S.C. § 1346(b). (Document No. 15, p. 2.) Specifically, Plaintiff failed to alleged that his injuries were caused by the Defendant's negligent acts which were performed while acting within the scope of employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." (Id.) Because Plaintiff's injuries occurred while he was confined in West Virginia,

Defendant maintains that pursuant to 28 U.S.C. § 1346(b), the substantive laws of West Virginia govern this civil action. (Id., p. 3.) In applying the elements of a prima facie case of negligence in West Virginia, Defendant contends that Plaintiff has not demonstrated that the BOP breached its duty of care of ordinary diligence, which proximately caused his injuries. (Id.) Plaintiff merely states that he was assaulted and does not state that the BOP breached its duty of care or that "his injuries were directly caused by the conduct of prison officials." (Id., p. 4.) Rather, Plaintiff "admits another inmate directly caused his injuries." (Id.) Thus, his claim must be dismissed.

On July 13, 2004, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff, advising him of his right to file a response to the Defendants' Motion to Dismiss. (Document No. 16.) Plaintiff filed his Response to the Defendant's Motion on August 11, 2004, in which he objects to the Defendant's application of West Virginia law to his claim. (Document No. 17, p. 2.) Nevertheless, he states that the BOP had a duty "to exercise ordinary diligence to keep prisoners safe and free from harm . . . [and] as a direct result of the institution attack, and the physical neglect on the institution's part," he was injured. (Id., p. 2.) He further states that the BOP "is responsible for his safety and well-being, and that they had failed in that specific responsibility; Because, the Plaintiff was attacked by another prisoner, while in Bureau of Prisons' custody." (Id., pp. 1-2.) Thus, Defendant's Motion to Dismiss, must be denied.

## THE APPLICABLE STANDARD

### Motion to Dismiss

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). When considering a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to the Plaintiff, and must take them as true. See Jenkins v. McKeithen, 395 U.S. 411, 421-22, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969). "Because a dismissal under Rule 12(b)(6) is accorded res judicata effect, such dismissals are generally disfavored by the courts." Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1471 (4th Cir. 1991). When faced with such a Motion, "the magistrate judge should . . . limit himself to a consideration of whether plaintiff's allegations, standing alone and taken as true, pleaded jurisdiction and a meritorious cause of action." Id. at 1473. In consideration of the Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept the allegations contained in Plaintiff's Complaint as true and draw all reasonable inferences in favor of the Plaintiff from them. The Court must determine whether Plaintiff has asserted a cognizable claim against the Defendant and alleged facts which, if true, would support such a claim.

## ANALYSIS

The United States enjoys sovereign immunity except to the extent that Congress has waived it by enacting the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq*. The FTCA provides at § 2674 as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674. It is clear that the United States may be sued "for . . . personal injury[.]" 28 U.S.C. § 2679(b)(1). To maintain a case against the United States under the FTCA, Plaintiff must

demonstrate that his action is permissible under the FTCA and satisfies the necessary elements of a tort claim cognizable under the laws of the State in which the action accrued. See 28 U.S.C. § 1346(b); Federal Deposit Ins. Corp. [F.D.I.C.] v. Meyer, 510 U.S. 471, 477, 114 S.Ct. 996, 1001, 127 L.Ed.2d 308 (1994)("Indeed, we have consistently held that § 1346(b)'s reference to the 'law of the place; means law of the State - - the source of substantive liability under the FTCA."). A claim is permissible under the FTCA if it is actionable under 28 U.S.C. § 1346(b). See F.D.I.C. v. Meyer, 510 U.S. at 477, 114 S.Ct. at 1001. Actionable claims under § 1346(b)[3] must allege "that the United States 'would be liable to the claimant' [for his personal injuries,] as 'a private person' 'in accordance with the law of the place where the act or omission occurred.'" Id. ("A claim comes within this jurisdictional grant [of immunity] - - and thus is 'cognizable' under §§ 1346(b) - - if it is actionable under §§ 1346(b)."); 28 U.S.C. § 1346(b).

Pursuant to West Virginia law, the law of the State in which Plaintiff's injuries occurred, the plaintiff in a negligence action bears the burden of proof by a preponderance of the evidence to demonstrate the applicable standard of care, deviation from that standard and a causal connection between the deviation and plaintiff's injury. See Judy v. Grant County Health Dep't, 210 W.Va. 286,

---

[3] Title 28, U.S.C. § 1346(b) provides:

> Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

291-92, 557 S.E.2d 340, 345-46 (2001). Thus, for Plaintiff to succeed upon his claim under the FTCA, he must prove that his injury was caused by a negligent or wrongful act or omission by a government employee. 28 U.S.C. § 2672. Negligence is a prerequisite for recovery under the FTCA. Laird v. Nelms, 406 U.S. 797, 798-99, 92 S.Ct. 1899, 1900-1901, 32 L.Ed.2d 499 (1972). To establish a prima facie case of negligence under West Virginia law, Plaintiff must demonstrate the existence of a duty on behalf of the United States, that the duty was breached, and that the breach of the duty was the proximate cause of his injuries. See State ex rel. Frazier v. Hrko, 203 W.Va. 652, 657, n. 6, 510 S.E.2d 486, 491, n. 6 (1998)("A negligence action requires the plaintiff to prove that a defendant had a duty, breached the duty, that the plaintiff suffered some injury, and that the breach of the duty by the defendant proximately caused the plaintiff's injury.").

The duty of care owed by the BOP to federal prisoners is established by 18 U.S.C. § 4042(a) and requires the BOP to provide for the safekeeping, care, and protection of all federal inmates in their custody. 18 U.S.C. § 4042(a);[4] see also, United States v. Muniz, 374 U.S. 150, 164-65, 83 S.Ct.

---

[4] Title 18, U.S.C. § 4042(a) provides the following duties of the BOP:

> (a) **In general.** – The Bureau of Prisons, under the direction of the Attorney General, shall –
>
> (1) have charge of the management and regulation of all Federal penal and correctional institutions;
>
> (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;
>
> (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States;
>
> (4) provide technical assistance to State and local governments in the improvement of their correctional systems; and
>
> (5) provide notice of release of prisoners in accordance with subsections (b) and (c).

18 U.S.C. § 4042(a).

1850, 1859, 10 L.Ed.2d 805 (1963)("[T]he duty of care owed by the Bureau of Prisons to federal prisoners is fixed by 18 U.S.C. § 4042, independent of an inconsistent state rule."). This duty requires the BOP to exercise "ordinary diligence" in keeping prisoners free from harm. See Jones v. United States, 534 F.2d 53, 54 (5th Cir.), cert. denied, 429 U.S. 978, 97 S.Ct. 487, 50 L.Ed.2d 586 (1976)("The Government is not an insurer of the safety of a prisoner."). The undersigned finds that Plaintiff has not demonstrated that the BOP was negligent in exercising its statutory duty of keeping him safe during his period of confinement in prison. Plaintiff alleges only that the BOP failed to ensure his safety and well-being because he was assaulted by another inmate while in the BOP's custody. He neither alleges that the area in which the assault occurred was unguarded nor that the inmate who assaulted him presented any aggressive tendencies warranting closer supervision. The BOP's response to Plaintiff's administrative tort claim, the facts of which Plaintiff does not dispute in his Complaint, indicates that staff responded to the assault, secured Plaintiff's assailant, and had him examined and treated by medical personnel. Except for the fact of his assault, Plaintiff does not allude to any specific act or omission indicating that the BOP breached its duty to protect his well-being.

Furthermore, the undersigned finds that Plaintiff has not alleged that the BOP proximately caused his injuries. "The proximate cause of an injury is the last negligent act contributing to the injury and without which the injury would not have occurred." Syllabus Point 5, Hartley v. Crede, 140 W.Va. 133, 134, 82 S.E.2d 672, 674 (1954), overruled on other grounds, State v. Kopa, 173 W.Va. 43, 311 S.E.2d 412 (1983). As Respondent notes, Plaintiff states in his Complaint that his injury occurred "as a direct result of an attack from another prisoner." (Document No. 1, p. 1.)

Notwithstanding this statement, the undersigned finds that Plaintiff does not allege that any act or omission by the BOP contributed to his injury. Accordingly, the undersigned finds that the facts viewed in the light most favorable to Plaintiff do not indicate that the BOP was negligent in protecting Plaintiff from harm and Plaintiff's claim must be dismissed for this reason.

**PROPOSAL AND RECOMMENDATION**

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss (Document No. 14.), **DISMISS** Plaintiff's Complaint (Document No. 1.) without prejudice and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v.

Schronce, 727 F.2d 91, 94 (4th Cir.) *cert. denied*, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Plaintiff.

ENTER: November 24, 2004.

R. Clarke VanDervort
United States Magistrate Judge